# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN T. NICHOLAS,<br>　　　　Plaintiff,<br>　　v.<br>DAVID A. PLASTINO<br>　　　　Defendant. | Case No: 23-cv-1259 |

## DAVID A. PLASTINO'S ANSWER TO COMPLAINT
## WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

The Defendant, David A. Plastino, by way of answer responds to the Complaint of the Plaintiff, Sean T. Nicholas as follows:

1. Admitted based upon information and belief.
2. Admitted.
3. Admitted.
4. Admitted
5. Admitted.
6. Admitted.
7. Denied as stated. It is admitted that David A. Plastino paid to Sean T. Nicholas the sum of $128,082.00 for eight (8) works of art which were never delivered.
8. Denied. Plastino purchased eight (8) works of art from the Plaintiff. The Plaintiff never delivered the works of art. The Plaintiff took the Defendants money and then sold the works of art to other individuals. The Plaintiff stole $128,082.00 dollars from the Defendant.
9. Denied. As stated in paragraph eight (8), Plastino gave to Nicholas the sum of $128,082.00 dollars for eight (8) works of art. Nicholas never delivered the works of art, and never forwarded the provenance documentation to Plastino for the eight (8) works in question.
10. Denied as stated. It is admitted that Plastino obtained possession of thirteen (13) other works of art from Nicholas. It is further admitted that the provenance documentation was never supplied by Nicholas to Plastino. It is admitted that Nicholas relatives were present and gave Plastino possession of the thirteen (13) works.

11. Denied as stated. Plastino objects to Nicholas's representation as to "misappropriated" art. It is admitted that Plastino does have possession of the thirteen (13) works of art.
12. Denied as stated. It is admitted that there were discussions between the parties regarding Nicholas's theft of Plastino's funds and failure to deliver the original works of art. It is admitted that Nicholas's relatives gave Plastino the second set of paintings.
13. It is admitted that on July 31st, of 2018 there was a meeting between the parties and that they jointly came up with a resolution as to how to resolve disputes between them.
14. Denied as stated. The Agreement which was jointly drafted and entered into on March 31st, of 2018 was to represent a full and complete resolution of all issues between the parties.
15. Denied. Nicholas entered into the Agreement with Plastino because Nicholas realized that he had stolen $128,082.00 dollars from Plastino. Nicholas sold the original eight (8) paintings in questions to two (2) different sets of people. He never had any intention of delivering the original artwork to Plastino, and in essence robbed Plastino of the original sum.
16. Denied as stated. It is admitted that there was an Agreement entered into between the parties of July 31st, of 2018 wherein all issues between them were resolved.
17. Denied as stated. As a writing the Agreement entered into between the parties speaks for itself. It is admitted that the Agreement which was entered into did resolve all issues between the parties.
18. Denied as stated. As a writing the Agreement speaks for itself. Plastino disagrees with Nicholas's interpretation as stated in the paragraph. Pursuant to the terms of the Agreement the second set of art is now owned by Plastino.
19. Denied as stated. It is admitted that the Agreement indicates that Nicholas had up until March 31st, of 2019 to satisfy and make payment to Plastino in the amount of $124,582.00 dollars. Since Nicholas did not pay the sum as specified in the Agreement, and since he failed to act upon any of the duties assumed under the Agreement, he has therefore forfeited the second group of paintings. The Agreement clearly gave Nicholas the option of delivering the original eight (8) paintings to Plastino or paying $124,582.00 dollars. He chose to do nothing. He has therefore forfeited the second group of paintings referenced in the Agreement.
20. Denied as stated. The Agreement as a writing speaks for itself.
21. Denied as stated. The Agreement as a writing speaks for itself. It is admitted that Nicholas has not provided the original eight (8) works of art to Plastino. It is further admitted that

Nicholas has refused to pay the $124,582.00 dollars to Plastino. Furthermore, Nicholas refuses to provide the provenance documentation to Plastino.

22. Denied. After reasonable investigation answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment.

23. Denied as stated. The controversies between the parties began pursuant to the Plaintiff's allegations in 2016. Over the last seven (7) years the second group of paintings have increased in value. It should also be noted that over the last seven (7) years the original artwork which Nicholas agreed to sell to Plastino, but never delivered and kept the funds, could have also greatly increased in value. It is specifically denied that because one (1) work of art has increased in value that the other works would not have. Plastino has not derived any great benefit to the detriment of Nicholas.

24. Denied. After reasonable investigation answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment.

25. Denied. After reasonable investigation answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment. Furthermore, Nicholas failed to comply with the terms of the Agreement. Any detriment with Nicholas has incurred is as a result of him originally stealing the $128,082.00 dollars from Plastino. Furthermore, Nicholas failed to set forth what the value of the second set of paintings were at the time that the Agreement was entered into.

26. It is admitted that almost five (5) years after the original Agreement was entered into a letter was forwarded to Plastino.

27. Denied as stated. A more than reasonable resolution of the dispute was proposed by Plastino's then Counsel. Nicholas refused that proposal.

28. Denied as stated. Nicholas is not entitled to any surplus funds. Nicholas has violated the Agreement entered into between the parties and is therefore forfeited the collateral. Nicholas had until March 31st, of 2019 to deliver the original artwork to Plastino or pay $124,582.00 dollars. He has failed to do so. Furthermore, his claim for relief is past the applicable Statute of Limitations. The paintings in question are rightfully owned by Plastino.

29. Denied as stated. The works of art referenced in this paragraph rightfully belong to David A. Plastino and Sean T. Nicholas refuses to provide the appropriate provenance documentation for the works.

30. It is specifically denied that Nicholas has incurred any loss or damages as a result of Plastino's behavior.

## COUNT I
## REPLEVIN

31. Defendant incorporates by reference herein that preceding paragraphs of this answer as though the same were set forth.
32. Denied as stated. The Agreement entered into between the parties as a writing speaks for itself. It is specifically denied that Nicholas's interpretation of the Agreement is correct.
33. Denied. The Agreement as a writing speaks for itself. Nicholas's interpretation of the Agreement is specifically denied. Nicholas has failed to act upon the Agreement which was entered into almost five (5) years ago. The Agreement indicates that Nicholas had until March 31st, of 2019 to act upon the Agreement and he failed to do so. He neither supplied Plastino with the original eight (8) works of art nor did he refund the monies referenced in the Agreement.
34. Denied. The Agreement as a writing speaks for itself. Nicholas's interpretation of the Agreement is incorrect. The works of art belong to Plastino.
35. Denied. After reasonable investigation answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment.
36. No factual averment is contained within this paragraph, it is a request for a relief therefore no responsive pleading can be made. It is specifically denied that Nicholas is entitled to the paintings in question.
37. Denied as stated. Nicholas is under no obligation to sell the artwork in question. As a result of Nicholas's failure to act under the Agreement the artwork in question belongs to Plastino.
38. Denied. Nicholas has no right to the artwork in question.
39. No responsive pleading is required. There are no factual allegations contained within this paragraph. This paragraph represents Nicholas's request for relief. It is specifically denied that Nicholas is entitled to the relief he request.

## COUNT II
## BREACH OF AGREEMENT

40. Answering Defendant incorporates by reference herein that preceding paragraphs of this answer as though they were set forth.

4

41. Admitted.
42. Denied. The terms of the Agreement entered into between the parties speak for themselves. Nicholas was given two (2) options. He could supply to Plastino the original eight (8) works of art which were paid for, or he could pay the sum of $124,582.00 dollars. He failed to do either of those two (2) actions within the time limits set by the Agreement. Furthermore, the Statute of Limitation has expired, and his claims are untimely.
43. Denied. Nicholas is not the owner of the second group of art. He is not entitled to possession of the second group of art. The second group of art belongs to Plastino.
44. No factual allegations are contained within this paragraph. This paragraph represents a request for relief by the Plaintiff. It is specifically denied that the Plaintiff is entitled to relief that he requests in this paragraph.
45. Denied as stated. Plastino was under no obligation to arrange for the sale of the artwork in question.
46. Denied. The Agreement entered into between the parties speaks for itself. Furthermore, the averment contained in this paragraph represents a conclusion of law to which no responsive pleading is required.
47. Denied as stated. Plastino has in no way violated the Agreement entered into between the parties and therefore Plaintiff has not incurred any damages as a result of Plastino's actions. Any and all damages which the Plaintiff may be alleging are as a result of his own failure to act on a timely basis.

## COUNT III
## BREACH OF IMPLIED COVEANT OF GOOD FAITH AND FAIR DEALING

48. Defendant, Plastino, incorporates by reference herein that preceding paragraphs of this answer as though they were set forth.
49. Denied. The averment contained in this paragraph represents a conclusion a law to which no responsive pleading is required.
50. Denied. The averment contained in this paragraph represents a conclusion a law to which no responsive pleading is required.
51. Denied. The Agreement entered into between the parties as a writing speaks for itself. Intent is an extremely difficult concept to interpret. At the time that the Agreement was entered into Nicholas had stolen $128,000.00 from Plastino. Nicholas had sold a group of artwork to

5

different people. The averments which Nicholas has placed in the Complaint show that to this day he continues to hide behind his fraudulent activity. He states in the paragraph that he was storing the artwork for Plastino. That is not true. He sold the original eight (8) works of art to two (2) different people. He did not have the artwork that he sold to Plastino. The idea of the implied covenant of good faith and fair dealing is an equitable relief that he is requesting. Nicholas does not come to the table with clean hands. He comes to the table as an individual who has stolen $128,000.00 dollars and attempts to mischaracterize his deeds in the pleading before the Court. He is not entitled to any type of equitable relief.

52. Denied as stated. On March 23rd, of 2023, for the first time in almost five (5) years Nicholas contacted Plastino. He is not entitled to the relief requested.

53. Denied as stated. The only thing that Nicholas has done is have a lawyer send a letter. He has put forth no attempt to follow through on the actions stated in the Complaint. He is not entitled to the relief requested.

54. It is denied that any actions of Plastino are responsible for the situation that the parties find themselves. It is the actions of Nicholas in originally selling the original works of art to two (2) different people and retaining the $128,000.00 dollars that started this situation. He then entered into an Agreement which he failed to comply with. He then filed suit outside the appropriate Statute of Limitations. He is not entitled to the relief which he requests, and he should turn over the provenance documents to Plastino.

55. Denied. The situation which Nicholas finds himself in is completely as a result of his actions and behavior.

## COUNT IV
## UNJUST ENRICHMENT

56. Defendant incorporates that preceding paragraphs of this answer as though the same were set forth at length.

57. Denied as stated. It is admitted that the parties had disputes between them relating to two (2) separate groups of artwork.

58. Admitted.

59. Denied. Before it can be determined if Plastino obtains a benefit as a result of retaining the second group of artwork, it must first be determined what the current value of the original eight (8) paintings would be today.

60. Denied. Nicholas cannot obtain a benefit from his failure to act. It is specifically denied that the second group of artwork far exceeds the value of the original eight (8) paintings which Plastino paid for and never was given.
61. Denied as stated. It is admitted that a sale of the second group of the artwork has not occurred. It is denied that Nicholas has made a good faith attempt to sell the artwork. On the eve of the expiration of the Statute of Limitations a letter was sent. A Complaint was then filed a day after the Statute of Limitations expired. Nicholas is not entitled to the relief which he requests.
62. Denied as stated. Once again Nicholas comes to the Court asking for equitable relief. He is not entitled to equitable relief. It is his own actions of originally converting and stealing $128,000.00 dollars from Plastino which has placed him in this situation. He has failed to comply with the terms of the Agreement entered into and should turn over the provenance documents to the second group of art to Plastino.

## COUNT V
## CONVERSION

63. Defendant incorporates by reference herein that preceding paragraphs of this answer as though they were set forth.
64. Denied. Nicholas is not the rightful owner of the second group of art. It is admitted that he is in possession of the provenance documents.
65. Denied. Plastino is not wrongfully retaining the second group of artwork. Plastino is the rightful owner of the second group of artwork.
66. Denied. Nicholas is not entitled to possession of the second group of artwork.
67. Denied. Plastino has not acted wrongfully in any matter, and he is not refused for the second group of artwork to be sold.
68. Denied. Plastino has not wrongfully interfered with Nicholas's rights to the second group of art. Nicholas is not entitled to the second group of artwork, and any and all damages he incurs are as a result of his actions or a failure to act.

## PRAYER FOR RELIEF

**WHEREFORE,** It is respectfully requested that Nicholas's Prayer for Relief be denied and that this honorable Court enter an Order directing him to turn over the provenance documents to Plastino.

## AFFIRMATIVE DEFENSES

1. Plaintiff claims are barred by the doctrine of accord and satisfaction.
2. The Plaintiff's claim for relief is barred by the doctrine of estoppel.
3. The Plaintiff's claim for relief is barred by the doctrine of fraud.
4. The Plaintiff's claim for relief is barred by the doctrine of laches.
5. The Plaintiff's request for relief is barred by the doctrine of release.
6. The plaintiff's claim for relief is barred by the doctrine of waiver.
7. The Plaintiff's claim for relief is barred by the applicable Statute of Limitations.

## DEFENDANT DAVID A. PLASTINO'S COUNTERCLAIM AGAINST PLAINTIFF SEAN T. NICHOLAS

1. David A. Plastino incorporates by reference herein that preceding paragraphs of this answer as though the same were set forth.

## COUNT I
## CONTRACT

2. A course of behavior occurred between the two (2) parties prior to July 30th, of 2018.
3. That course of behavior led the two (2) parties to enter into an Agreement on July 30th, of 2018. The Agreement has been attached to Plaintiff's original Complaint as 'Exhibit A'.
4. The document which has been called 'Exhibit A' is not only an Agreement but represents a release of claims that existed between the parties prior to the Agreement being signed on July 31st, of 2018.
5. The Agreement granted onto Nicholas the ability to deliver a group of eight (8) paintings to David A. Plastino. Alternatively, Sean T. Nicholas was given the right to pay to David A. Plastino $124,582.00 dollars.
6. Nicholas had until March 31st, of 2019 to comply with the provisions of the Settlement Agreement and Release which was entered into between the parties.

8

7. Sean T. Nicholas failed to comply with the provisions of the Settlement and Release which was entered into between the parties.
8. The Settlement and Release indicates;

   "Up to and including March 31, 2019, SN has the following option to satisfy all claims DP has relative to the above referenced art and for SN to receive back the art given to DP as collateral".

9. Since Mr. Nicholas did not comply with the provisions of the Settlement and Release Agreement, he has given up his right to receive the second group of paintings.
10. Prior to the Release and Settlement Agreement being entered into, each party had multiple claims against the other which they were settling through 'Exhibit A'.
11. Since Mr. Nicholas failed to comply with the provisions of the Release and Settlement Agreement, he has forfeited the collateral pursuant to the terms of that Release.
12. Since Mr. Nicholas has forfeited the right to the collateral, he is obligated to turn over the provenance documents for the paintings represented within the Release and Settlement Agreement.

## COUNT II
## THEFT BY DECEPTION

13. David A. Plastino incorporates by reference herein that preceding paragraphs of this answer as though the same were set forth.
14. Sean T. Nicholas agreed to sell to David A. Plastino a group of eight (8) paintings for a sum of $128,082.00 dollars. The group of eight (8) paintings are as represented in the Release and Settlement Agreement attached as 'Exhibit A'.
15. Even though Nicholas agreed to sell Plastino the eight (8) works of art for $128,082.00 dollars, he never delivered the works of art.
16. Since the time of payment, he has held onto Plastino's $128,082.00 dollars.
17. At no time material hereto did Defendant Nicholas have possession or ownership of the eight (8) paintings in question.
18. At no time did Nicholas turn over the provenance documents to Plastino.
19. Nicholas sold the eight (8) works of art, which belong to David A. Plastino, to other unknown third parties.
20. Plastino has been denied possession of the eight (8) works of art.

21. Plastino has been denied the benefits of the increase in value of the eight (8) works of art, a number which is unknown.

## COUNT III
## FRAUD

22. David A. Plastino incorporates by reference herein that preceding paragraphs of this answer as though the same were set forth.
23. David A. Plastino gave to Sean T. Nicholas the sum of $128,082.00 dollars for eight (8) works of art which Nicholas represented he owned and had the provenance documents.
24. Defendant Sean T. Nicholas took from David A. Plastino the sum of $128,082.00 dollars.
25. At no time material to this transaction did Sean T. Nicholas have ownership in the eight (8) works of art referenced in the Release and Settlement Agreement attached as 'Exhibit A'.
26. At no time did the Defendant Sean T. Nicholas intend on delivering to the Plaintiff David A. Plastino the eight (8) works of art.
27. At no time material hereto did Defendant Nicholas have the provenance documents to forward along with the works of art to David A. Plastino.
28. Even though Nicholas had represented to Plastino that he owned the paintings, at the same time he sold the same group of paintings to other third parties who he has refused to identify.
29. Defendant Nicholas has refused to refund the $128,082.00 dollars given to him by David A. Plastino.
30. The actions of the Defendant Sean T. Nicholas were intentional and done in an attempt to fraudulently induce Plastino to forward to him the sum of $128,082.00 dollars.
31. At no time did the Defendant Nicholas intend on providing Plastino with the eight (8) referenced works of art.
32. As a result of the actions of Nicholas, Plastino has been caused to incur losses measured by the value of the paintings at the time they were contractually sold and their current value.
33. As a result of the actions of Nicholas, Plastino has been caused to incur opportunity cost of what could have been done with the $128,082.00 dollars had it not been wrongfully and fraudulently converted by Nicholas.
34. As a result of Nicholas behavior and actions, Plastino has been caused to incur attorney fees and expenses in an attempt to obtain a refund of his damages.

## PRAYER FOR RELIEF

**WHEREFORE,** David A. Plastino respectfully request this Court enter judgment against Sean T. Nicholas and grant the following relief in Plastino's favor;

1. Equitable relief awarding Plastino a sum equal to the increase in value of the original eight (8) works of art;
2. Compensatory damages in an amount to be determined at Trial representing the opportunity cost incurred, attorney fee's incurred, cost of suit incurred;
3. Granting David A. Plastino ownership rights in the second group of art referenced in the Release and Settlement Agreement;
4. Directing Sean T. Nicholas to forward to David A. Plastino the provenance documents establishing his ownership in the second group of art referenced in the Release and Settlement Agreement;
5. Directing Sean T. Nicholas to forward to David A. Plastino the provenance documents for the original eight (8) works of art; and
6. Such other further relief as the Court deems just and proper.

Respectfully Submitted,

Bryan A. George, Esquire.
Attorney for Defendant
David A. Plastino

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN T. NICHOLAS,<br>              Plaintiff,<br>                 v.<br>DAVID A. PLASTINO<br>              Defendant. | Case No: 23-cv-1259 |

## CERTIFICATE OF SERVICE

I, Bryan A. George, Esquire, do hereby certify that on the 19th day of May 2023, a true and correct copy of Defendants Answer to Complaint with Affirmative Defenses and Counterclaim was filed electronically with the Court and made available for viewing and downloading from the ECF by the following counsel of record:

        Jonathan P. Vuotto, Esquire.
        13 Mt. Kemble Avenue
        Morristown, NJ 07960


                                            Bryan A. George, Esq
                                            Attorney for Defendant